UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETTS
BOSTON DIVISION

| | |
|---|---|
| **DEANNA HICKS,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**METEOR LEARNING INC.,** a Delaware corporation,<br><br>*Defendant*. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff DeAnna Hicks ("Hicks" or "Plaintiff Hicks") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Meteor Learning ("Meteor" or "Defendant") to (1) stop it from calling consumers registered on the national Do Not Call Registry without their consent and (2) to obtain redress for all persons injured by its conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**NATURE OF THE ACTION**

1. Meteor Learning is a for-profit corporation that develops and markets online platforms for students to earn secondary university degrees. Meteor takes a share of students' tuition for the programs it develops and markets from the universities that it uses as a front for its business.

2. For instance, in the present case, Meteor Learning contracted with Houston Baptist University to permit Meteor to develop and market an online platform for nurses to earn a secondary degree in nursing. Students that Meteor recruits for this program technically enroll

in Houston Baptist University, but in reality those students enter into a licensing arrangement with Meteor to access the online platform and pay portions of their tuition for the direct benefit of Meteor.

3. As part of its contract with Houston Baptist University, Meteor led a mass telemarketing campaign -- calling consumers registered on the National Do Not Call registry and others -- to solicit them to enroll in the nursing program Meteor developed. Meteor obtained these consumers' telephone numbers through public records requests to various colleges for student directory information that is presumptively public under the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA").

4. However, simply because the students' telephone numbers were deemed public under FERPA and disclosed in response to Meteor's public records requests, did not mean that Meteor had consent to solicit these students whose telephone numbers were registered on the National Do Not Call Registry ("DNC"). To the contrary, Meteor knew at the time it called consumers like Plaintiff that their telephone numbers were registered on the DNC and that, therefore, Meteor was not permitted to call them without first obtaining their consent (which it never did).

5. By making these unsolicited calls, Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and caused Plaintiff and the members of the Do Not Call Registry Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to the wear and tear on their telephones, consumption of battery life, lost cellular minutes, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their cellular telephone plans. Furthermore, Defendant made the calls knowing they interfered with Plaintiff and the other Class

members' use and enjoyment of, and the ability to access their cellphones, including the related data, software, and hardware components.

6. The TCPA was enacted to protect consumers from telephone calls like those alleged and described herein. In response to Defendant's unlawful conduct, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease all telephone calling activities to consumers who are registered on the Do Not Call registry without first obtaining their express written consent, as well as an award of statutory damages to the members of the Class under the TCPA and costs.

## PARTIES

7. Plaintiff Hicks is a Youngsville, North Carolina resident.

8. Defendant Meteor Learning is a Delaware corporation with a principal place of business located at 301 Edgewater Place, Suite 210, Wakefield, MA 01880.  Defendant conducts business throughout this District and the United States.

## JURISDICTION AND VENUE

9. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the TCPA.

10. This Court has personal jurisdiction over Defendant because Defendant is headquartered in this District, conducts a significant amount of business in this District, solicits consumers in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

11. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is headquartered in this District, conducts a significant amount of business within this District and markets to this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## COMMON FACTUAL ALLEGATIONS

12.     Defendant is a for-profit corporation who uses universities as a front to sell to sell online classes to students. As part of its business model, Defendant recruits students to the programs it develops , including through a coordinated mass telemarketing campaign whereby it calls consumers who are registered on the National Do Not Call Registry, without their consent, violating the Telephone Consumer Protection Act.  Notably, Meteor controls nearly all aspects of the marketing and promotional strategies for the universities it contract with, including the content of any telephone solicitations.

13.     In the present case, Defendant Meteor obtained consumers' telephone numbers by making public records requests to schools with nursing programs for former students' directory information (i.e., name, address, telephone number, degree, graduating year), which is presumptively public under FERPA.

14.     FERPA is a federal law enacted to protect students from schools and universities from releasing private student information to the public.  There are limited exceptions in which a school or university can release this information.  But even then, the release of this information does not convey consent to the recipient of the information to contact these former students whose numbers were registered on the DNC.

15.     In fact, even though Meteor Learning knew that many of the "public" telephone numbers it obtained were registered on the National Do Not Call Registry, Meteor Learning called them anyway.

16.     In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

## FACTS SPECIFIC TO PLAINTIFF DEANNA HICKS

17. On August 11, 2006, Plaintiff Hicks registered her cellular telephone number on the National Do Not Call Registry.

18. In early 2017, Meteor obtained Plaintiff's cellular telephone number through one of the public records requests for student directory information it sent to various Texas and Louisiana colleges. By that time, Plaintiff's number had been registered on the DNC for more than 10 years, and Meteor learning knew or should have known as much.

19. Notwithstanding, on September 13, 2017 at 1:55 p.m., Hicks began receiving unwanted calls from Meteor Learning or its agent from telephone number 888-688-1710, soliciting her to enroll in a secondary degree in nursing it was marketing under Houston Baptist University's name. On September 13, 2017 an agent from Meteor left the Plaintiff a message encouraging Hicks to learn more about Meteor Learning's online nursing program by calling telephone number 844-326-3019 or going online to visit http://onlinenursing.hbu.edu/. The webpage the operator directed Plaintiffs Hicks to describes their program where a registered nurse such as Plaintiff Hicks can enroll in Meteor's paid program through HBU's to earn a Master of Science in Nursing (MSN) or a Bachelor of Science in Nursing.[1] The webpage advertises that these programs can be completed fully online. The programs cost anywhere from $11,475 to $18,000 in tuition a percentage of which is paid by the student for the direct benefit of Meteor Learning.

20. The next day, on September 14, 2017 at 9:41 a.m., Hicks received another call from Defendant or its agent from telephone number 888-688-1710 (the "September 14th Call").

21. During the September 14th Call, Meteor again solicited Hicks to sign up for their online nursing program.

---

[1] http://onlinenursing.hbu.edu/

5

22. During the September 14th Call, Hicks demanded that Defendant stop calling her.

23. Hicks does not have a relationship with Meteor, Houston Baptist University, or any of Meteor's agents, has never consented to Meteor, Houston Baptist University, or any of Meteor's agents calling her, and has never had a business relationship with Meteor, Houston Baptist University, or any of Meteor's agents.

24. By making unsolicited calls to Plaintiff and other consumers on the National Do Not Call Registry without their consent, Meteor has caused consumers actual harm in the form of annoyance, nuisance, and invasion of privacy. In addition, the calls disturbed Plaintiff's use and enjoyment of her telephone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on Plaintiff's telephone.

25. In order to redress these injuries, Plaintiff, on behalf of herself and a class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited telephone calls to cellular telephones who are registered on the National Do Not Call Registry.

26. On behalf of the Do Not Call Registry Class, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited autodialed telephone calling activities and an award of statutory damages to the class members.

## CLASS ALLEGATIONS

27. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Class:

> **Do Not Call Registry Class**: All persons in the United States who, from four years prior to the filing of the complaint, (1) Defendant (or a third person acting on behalf of Defendant) called more than one time on his/her telephone; (2) within any 12-month period (3) where the telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's online nursing program; and (5)

6

whose telephone number Defendant obtained through a public records request for student directory information.

28. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definition following appropriate discovery.

29. **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed autodialed solicitation calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be easily identified through Defendant's records.

30. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

> (a) whether Defendant systematically made multiple telephone calls to consumers whose telephone numbers were registered with the National Do Not Call Registry;
>
> (b) whether Defendant systematically made telephone calls to members of the Class without first obtaining prior express consent to make the calls;
>
> whether Defendant's conduct constitutes a violation of the TCPA; and

7

      (c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

31. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Class.

32. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

33. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

34. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

35. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the FCC's July 3, 2003 Report and Order, which in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.[2]

36. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

---

[2] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

9

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

37.     47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

38.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to wireless telephone subscribers such as Plaintiff and the Do Not Call

Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested to not receive calls from Defendant, as set forth in 47 C.F.R. § 64.1200(d)(3).

39.     Defendant also violated 47 C.F.R. § 64.1200(d) by failing to have a written policy of dealing with do not call requests, by failing to inform or train its personnel engaged in telemarketing regarding the existence and/or use of any do not call list, and by failing to internally record and honor do not call requests.

40.     Defendant made more than one unsolicited telephone call to Plaintiff and other members of the Do Not Call Registry Class within a 12-month period without their prior express consent to receive such calls. Plaintiff and other members of the Do Not Call Registry Class never provided any form of consent to receive telephone calls from Defendant.

41.     Defendant violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiff and the Do Not Call Registry Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

42.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

43.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

44.     An order certifying the Class as defined above, appointing Plaintiff DeAnna Hicks as the representative of the Class, and appointing her counsel as Class Counsel;

45.     An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

46.     An order declaring that Defendant's actions, as set out above, violate the TCPA;

47.     An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

48.     An injunction requiring Defendant to cease all unsolicited calling activities to consumers registered on the National Do Not Call registry, and otherwise protecting the interests of the Class;

49.     An injunction prohibiting Defendant from contracting with any third-party for marketing purposes until it establishes and implements policies and procedures for ensuring the third-party's compliance with the TCPA;

50.     An injunction prohibiting Defendant from conducting any future telemarketing activities until it has established an internal Do Not Call List as required by the TCPA;

51.     Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

**DEANNA HICKS**, individually and on behalf of class of similarly situated individuals

Dated: June 26, 2018

By: ___*/s/ Jason Campbell*
One of Plaintiff's Attorneys

Jason Campbell Esq.
250 First Avenue, Unit 602
Charlestown, MA 02129
(617) 872-8652
jasonrcampbell@ymail.com

Avi R. Kaufman*
kaufman@kaufmanpa.com
Kaufman P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

Stefan Coleman*
Law@StefanColeman.com
201 S. Biscayne Blvd, 28th Floor
Miami, Fl 33131
Phone: (877) 333-9427
Fax: (888) 498-8946

*Attorneys for Plaintiff and the putative Class*

*\*Pro Hac Vice admission to be sought*